UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHARLES DENNIS KITTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:11-CR-58-JRG-2 |
| | ) | 2:14-CV-294-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION</u>**

By Memorandum Opinion and Judgment Order entered on May 31, 2017, this Court denied and dismissed with prejudice Petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which had challenged, *inter alia*, his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Presently before the Court is Petitioner's counseled motion for reconsideration of that order.

Upon review of the papers submitted by both parties, the Court finds Petitioner's motion to be well-taken, as the record now before the Court establishes that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's motion for reconsideration [Doc. 109] will be **GRANTED**. The Memorandum Opinion and Judgment Order entered on May 31, 2017 [Docs. 106 and 107], will be **VACATED in part** solely in regard to Petitioner's *Johnson*-related claim, and Petitioner's § 2255 motion [Doc. 70], as supplemented [Doc. 83], will be **GRANTED in part,** again solely as to Petitioner's *Johnson*-related claim. In all other respects, the Court's Memorandum Opinion and Judgment Order entered on May 31, 2017, shall remain in full force and effect.

## I.    RELEVANT BACKGROUND

On December 8, 2011, a jury found Petitioner guilty of possession of a firearm by a convicted felon [Doc. 40].  A presentence investigation report ("PSIR") identified **five** previous Tennessee state court convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) two 1982 convictions for second-degree burglary [PSIR ¶ 28]; (2) a 1984 conviction for second-degree burglary [*Id.* ¶ 31]; (3) a 1992 conviction for aggravated burglary [*Id.* ¶ 36]; and (4) a 1997 conviction for aggravated burglary [*Id.* ¶ 42].  On May 21, 2012, Petitioner was sentenced as an armed career criminal to a term of imprisonment of 262 months and a term of supervised release of 5 years [Doc. 56 at 2–3].

After Petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals [Doc. 67], and the United States Supreme Court denied a writ of certiorari [Doc. 69], Petitioner filed a pro se § 2255 motion [Doc. 70] and supplement [Doc. 83] challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA's residual clause in *Johnson*.

On May 31, 2017, the Court denied Petitioner's pro se § 2255 motion, as supplemented, in its entirety [Docs. 106, 107].  In particular, the Court rejected Petitioner's *Johnson* claim, finding that "all three of Petitioner's prior second-degree burglary convictions remain predicate offenses under the enumerated offense clause, i.e., independent of the now-defunct residual clause" [Doc. 106 at 14].   Because the Court determined that Petitioner's three second-degree burglary convictions all still qualify post-*Johnson* as convictions of a "violent felony," the Court "decline[d] to address the status of his prior aggravated burglary convictions after *Johnson* and *Mathis*" [*Id.* at 15].

## II.     ASSERTED GROUNDS FOR RECONSIDERATION

On August 11, 2017, Assistant Federal Defender Laura Davis entered her appearance on behalf of Petitioner limited solely to his *Johnson* claim [Doc. 108] and filed a motion for reconsideration of the Court's May 31, 2017, judgment order [Doc. 109]. Specifically, counsel reports that upon her initial review of Petitioner's case, she mistakenly determined that Petitioner was not entitled to *Johnson* relief because of the three second-degree burglary convictions identified in PSIR ¶¶ 28 and 31 and, therefore, she did not file any counseled supplement on his behalf prior to the Court's ruling [Doc. 109 at 1].

However, upon further inspection, counsel observed that although ¶ 28 of the PSIR identifies *two* separate convictions for second-degree burglary as predicate ACCA offenses, Petitioner actually was found *not guilty* of one of those counts [*Id*. at 1–2; PSIR ¶ 28]. Accordingly, Petitioner has only two qualifying convictions for second degree burglary, not three. Further, his two aggravated burglary convictions also no longer qualify as ACCA predicate offenses in light of *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (holding that Tennessee aggravated burglary categorically is not a violent felony for ACCA purposes) [*Id*. at 2]. Petitioner thus asks the Court to reconsider its denial of sentencing relief under *Johnson*.

In response, the government acknowledges that Petitioner actually has only two qualifying convictions for second-degree burglary and also concedes that his aggravated burglary convictions no longer qualify as ACCA predicate offenses in light of *Stitt* [Doc. 113 at 4]. However, the government nevertheless suggests that Petitioner remains an armed career criminal based on his two second-degree burglary convictions along with one additional qualifying conviction: a 1984 conviction for assault with a deadly weapon as set forth in PSIR ¶ 29, which qualifies as a violent felony under the ACCA's use-of-force clause [*Id*.] In support, the government has submitted an

3

"affidavit of complaint" filed in the General Sessions Court of Hamblen County indicating that Petitioner "came at the affiant with a baseball bat, swinging it at him" [Doc. 114].

In reply, Petitioner has submitted documentation indicating that the 1984 conviction set forth in PSIR ¶ 29 arose from his guilty plea of a misdemeanor count of destruction of private property, not a felony count charging assault with a deadly weapon [Doc. 116-1]. While the government has filed a supplemental response suggesting that the state court records "are arguably ambiguous" as to whether Petitioner was convicted of assault with a deadly weapon, it concedes that, absent such a conviction, Petitioner "has insufficient other prior convictions to qualify as an armed career criminal" [Doc. 117 at 3].

Petitioner's supplemental reply notes that the government has not presented any proof that Petitioner was convicted of assault with a deadly weapon, and in fact could not have been convicted of that felony offense in the General Sessions Court of Hamblen County as a general sessions court can accept pleas only in misdemeanor cases [Doc. 118 at 1–2].

## III.    TIMELINESS

Petitioner has filed a motion for reconsideration but does not specify the Rule by which he seeks relief. Generally, when a party files a "motion to reconsider" a final order or judgment within twenty-eight days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See*, *e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). However, where the party does not file the motion for reconsideration within the 28–day period authorized for filing a Rule 59(e) motion, "it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

Here, the judgment order from which Petitioner seeks relief was entered on May 31, 2017, but Petitioner did not file a motion for reconsideration until August 11, 2017, well beyond the 28–day period authorized for filing a Rule 59(e) motion.  Pursuant to Federal Rule of Civil Procedure 6(b)(2), a court "must not extend the time to act" under Rule 59(e).  Accordingly, the Court must construe Petitioner's motion for reconsideration as a Rule 60(b) motion for relief from a judgment or order.  *See Cook v. United States*, 246 Fed. App'x 990, 995 (6th Cir. 2007).

Rule 60(b) requires that a motion for relief from a judgment or order "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order . . . ."  Fed. R. Civ. P. 60(c)(1).  However, the Sixth Circuit further has directed that a "'60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal.'"  *Townsend v. Social Security Administration*, 486 F.3d 127, 133 (6th Cir. 2007) (*quoting Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985)).

The normal time for taking an appeal in a civil case in which the United States is a party is within sixty days of the entry of the contested judgment or order.  Fed. R. App. P. 4(a)(1)(B).  In addition, a district court is authorized to extend the sixty-day period for filing a notice of appeal upon motion by a party but only if the motion to extend is: (1) filed within 30 days of the expiration of the initial sixty-day period; and (2) the party is able to show excusable neglect or good cause.  Fed. R. App. P. 4(a)(5)(A).

Here, Petitioner's motion for reconsideration was not filed until August 11, 2017, 72 days after entry of the contested judgment order on May 31, 2017.  Although Petitioner did not file his motion within the 60–day period authorized by Federal Rule of Appellate Procedure 4(a)(1)(B), the motion also contains a request for an extension of time to file a notice of appeal should the Court decline to reconsider its order [Doc. 109 at 3].  Because Petitioner requested an extension of

time within 30 days after the expiration of the 60–day period to file a notice of appeal set forth in

Rule 4(b), and has set forth good cause for the failure to file within that time frame, he would be

entitled to an extension of time under Rule 4(a)(5)(A).[1]  Accordingly, the Court finds that

Petitioner's Rule 60(b) motion, filed within the time allowed for seeking an extension under Rule

4(a)(5), was filed "within the normal time for taking an appeal," and therefore is timely.[2]

## IV.    STANDARD OF REVIEW

Rule 60(b) allows a civil litigant the opportunity to seek relief from a final judgment under

certain limited circumstances.  *See* Fed. R. Civ. P. 60(b).  Although the grant of relief under Rule

60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation,

*Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014), "'[t]he general purpose of Rule 60(b) . . . is

to strike a proper balance between the conflicting principles that litigation must be brought to an

end and that justice must be done.'"  *Charter Township of Muskegon v. City of Muskegon*, 303

F.3d 755, 760 (6th Cir. 2002) (citation omitted).

Rule 60(b)(1) provides for relief from judgment in instances of "mistake, inadvertence,

surprise, or excusable neglect."  The Sixth Circuit Court of Appeals has stated that "a Rule 60(b)(1)

---

[1] Specifically, in alternatively requesting an extension of time to file a notice of appeal, Petitioner's counsel cites as good cause a delay in retrieving state court records relating to Petitioner's burglary and assault convictions which were necessary to confirm that Petitioner no longer qualifies as an armed career criminal [Doc. 109 at 3].  "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).  The Court is satisfied that the stated reasons would be sufficient to establish good cause under Rule 4(a)(5)(A)(ii).

[2] The Sixth Circuit recently clarified that the time limit set forth in Rule 60(b)(1) is not jurisdictional but is a mere claim-processing rule.  *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017).  As such, the time prescription may be waived if not properly invoked.  *See Cook*, 246 Fed. App'x at 995.  Here, the government does not argue that Petitioner's motion for reconsideration is untimely.  Thus, even if the motion had not been filed "within the normal time for taking an appeal," the Court, as a matter of equity, would not be inclined to invoke the time prescription as a basis to deny an otherwise meritorious Rule 60(b)(1) motion.

motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

When a movant seeks relief based on a mistake of law or fact made by the district court, his motion is to be considered only under Rule 60(b)(1), and not under Rule 60(b)(6), which is to be used only in "exceptional or extraordinary" circumstances which are not addressed in any of the five enumerated clauses of the Rule. *Penney*, 870 F.3d at 461–2.

## V.    ANALYSIS

Petitioner asks the Court to reconsider its finding that he remains an armed career criminal under the ACCA post-*Johnson*.[3] Specifically, Petitioner asserts that the Court mistakenly found that he has three prior qualifying convictions for second-degree burglary when he was found not guilty of one of those offenses. Upon reconsideration, it is clear that Petitioner in fact was found not guilty of one of the second-degree burglary counts identified as a prior ACCA predicate conviction in PSIR ¶ 28 [Doc. 109-1 at 1–2]. Accordingly, the finding that Petitioner remains an armed career criminal based solely on three prior second-degree burglary convictions was erroneous.

---

[3]    In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

Because the Court concluded that Petitioner has three prior second-degree burglary convictions, it declined to address the issue of whether Petitioner's two prior aggravated burglary convictions also still qualify as ACCA predicates post-*Johnson*. However, after the Court's decision that question was answered in the negative by the Sixth Circuit in *Stitt*.[4] Accordingly, Petitioner's two aggravated burglary convictions under the Tennessee statute also no longer can be used as predicate offenses under the ACCA.

While the government concedes both that Petitioner has only two qualifying second-degree burglary convictions and that his prior aggravated burglary convictions also do not count as ACCA predicates in light of *Johnson* and *Stitt*, it nevertheless argues that Petitioner remains an armed career criminal based on a prior conviction for assault with a deadly weapon [PSIR ¶ 29], which, it contends, qualifies as a violent felony under the ACCA's use-of-force clause. This argument is without merit.

The presentence investigation report indicates that Petitioner was charged on May 22, 1984, in the Hamblen County General Sessions Court with destruction of private property and with assault with a deadly weapon [PSIR ¶ 29]. It further notes that Petitioner entered a guilty plea on May 31, 1984, and was ordered to pay $300 in court costs. [*Id*.]

Although the PSIR does not specify to which count Petitioner entered the plea of guilty, Petitioner has submitted documentation establishing that he pled guilty to the misdemeanor count

---

[4] In *Stitt*, the Sixth Circuit, *en banc*, overruled *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007), and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

of destruction of private property [Doc. 116–1 at 2]. Moreover, as Petitioner aptly notes, his plea could not have been to the felony charge of assault with a deadly weapon, as the plea was taken in the Hamblen County General Sessions Court, which only has jurisdiction to take a plea and render a final judgment in misdemeanor cases. *See* Tennessee Code Annotated § 40-1-109; Tenn. R. Crim. P. 5(b), (c) and (d).[5]

In sum, the record as it now stands before the Court establishes that Petitioner has only two qualifying predicate offenses for second-degree burglary. Moreover, his two convictions for aggravated burglary no longer qualify as convictions for a violent felony in light of *Johnson* and *Stitt*. Absent those aggravated burglary convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 262-month term of imprisonment and 5-year term of supervised release imposed by the Court exceeded the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. §§ 924(a)(2); 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012).

---

[5] It further should be noted that the PSIR does not identify the conviction set forth in ¶ 29 as a predicate offense under the ACCA, nor does it assign the conviction any criminal history points. *See* United States Sentencing Commission, Guidelines Manual, § 4A1.2(c) (Nov. 2016) (sentences for all felony offenses are counted).

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). The Court therefore will vacate its previously imposed Judgment [Doc. 56] and will direct the parties to submit within two weeks a joint status report setting forth their positions as to the most appropriate form of relief in this case.

The Court will enter an order accordingly.

## VI.    CONCLUSION

For the reasons set forth herein, the Court concludes that its prior finding that Petitioner remains an armed career criminal under the ACCA post-*Johnson* was based on a substantive mistake of fact that Petitioner has three prior convictions for second-degree burglary when he only has two such convictions. Accordingly, Petitioner's motion for reconsideration [Doc. 109] will be granted, and the Memorandum Opinion and Judgment Order entered on May 31, 2017 [Docs. 106 and 107], will be **VACATED in part** solely in regard to Petitioner's *Johnson*-related claim. Moreover, upon reconsideration, it is clear that Petitioner is no longer an armed career criminal under the ACCA and that he is entitled to relief under § 2255. Accordingly, Petitioner's § 2255 motion [Doc. 70], as supplemented [Doc. 83], will be **GRANTED in part,** again solely as to Petitioner's *Johnson*-related claim. In all other respects, the Court's Memorandum Opinion and Judgment Order entered on May 31, 2017, shall remain in full force and effect.

The Judgment imposed by the Court on May 21, 2012 [Doc. 56] will be vacated, and the parties shall submit a joint status report on what they believe to be the most appropriate form of relief no later than two weeks from the entry of the Court's order.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE
